# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER V. PERRY FAMILY LIMITED PARTNERSHIP, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-08-1387 |
| WHATEVER, L.L.C. d/b/a PERRY'S RESTAURANT, | § § § | |
| *Defendant*. | § § | |

## ORDER

Pending before the court is Whatever, L.L.C. d/b/a Perry's Restaurant's ("Whatever") motion to dismiss for lack of personal jurisdiction, improper venue, and failure to join a required party. Dkt. 9. Having reviewed the motion, all responsive pleadings, and the applicable law, Whatever's motion to dismiss for lack of personal jurisdiction is DENIED, the motion to dismiss for improper venue is DENIED, and the motion to dismiss for failure to join a required party is DENIED with leave to reurge if necessary.

## I. BACKGROUND

Plaintiff, Christopher V. Perry Family Limited Partnership ("Perry") filed suit on May 5, 2008 asserting claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, federal and common law unfair competition, federal and common law trademark dilution, and deceptive trade practices. In addition to damages, Perry's seeks an injunction preventing Whatever from further use of Perry's registered trademarks and from operating its Dallas, Texas restaurant under the name "Perry's Restaurant."

Perry has owned and operated restaurants in Houston under the name "Perry's" since 1979, and as "Perry's Steakhouse & Grille" (collectively "Houston Perry's") since 1993.  Dkt. 1.  The Houston Perry's is currently expanding into the Austin market, with plans to expand into the San Antonio market.  Dkt. 1.  These restaurants are operated under the registered trademark "Perry's Steakhouse and Grille."  Dkt. 1.  In 2001, defendant Whatever opened Perry's Restaurant in Dallas, Texas ("Dallas Perry's").  Dkt. 9.  Both parties describe their individual restaurants as "an upscale restaurant featuring prime hand-cut steaks, fresh seafood, exceptional service, and a unique atmosphere."  Dkts. 9, 12.

Whatever does not have a business presence outside of the Dallas area.  The Dallas Perry's is not advertised in Houston, and all employees are residents of the Dallas area.  However, Perry's alleges that customers who bought Dallas Perry's gift certificates have attempted to redeem them at a Houston Perry's location.  At least one customer has attempted to book a private party at the Dallas Perry's by calling the Houston Perry's.  And, there has been a negative internet review on a popular website by a customer of the Dallas Perry's inadvertently attributed to the Houston Perry's.

Whatever shares ownership interest in the Dallas Perry's with WPE Restaurant, LP d/b/a Perry's.  Dkt. 9.  WPE controls and operates the food-related business of the Dallas Perry's, but is not listed as the operating entity of the Dallas Perry's by the Texas Secretary of State and the County of Dallas.  Dkt. 12.  Perry has not named WPE as a defendant in this lawsuit.

## II. ANALYSIS

### 1.    Lack of Personal Jurisdiction

#### A.    *General Standard*

When a defendant raises an objection to the court's personal jurisdiction over it, the burden

is on the plaintiff to make a prima facie showing that jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

       *B.*     *Analysis*

       Conflating the tests for venue and personal jurisdiction, Whatever argues that the court does not have personal jurisdiction over it because it is not located in the Southern District of Texas. Dkt. 9. However, personal jurisdiction is determined by contacts with the forum state, and not the judicial district. Personal jurisdiction may be established through either general jurisdiction or specific jurisdiction. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). General jurisdiction requires "continuous and systematic" contacts with the forum state. *Id.* at 268. Specific jurisdiction applies when a non resident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174 (1085)). Whatever does not dispute that it is a limited partnership whose members are all Texas residents. The Dallas Perry's operates in the Dallas area, with Dallas employees, and Dallas management. Therefore, there is no question that Whatever has the continuous and systematic contacts with Texas sufficient to give the court proper personal jurisdiction over it.

## 2.     Lack of Venue

       Alternatively, Whatever, urges the court to dismiss the case for improper venue, or to permit a transfer of venue pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406. Section 1404 governs the discretionary transfer of a case from a proper venue to a venue that is better situated to serve the needs of the parties. Section 1406 governs the transfer or dismissal of a case that is filed in an improper venue.

A.    *Improper Venue*

Perry claims subject matter jurisdiction under the Lanham Act.  Therefore, venue must be governed by 28 U.S.C. §1391(b).  This statute provides that when a civil action is not founded solely on diversity, venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Perry alleges injuries suffered in the Southern District of Texas as a result of Whatever's operation of the Dallas Perry's.  Dkt. 1.  Whatever contends that the infringement—if any—occurred in Dallas because the Dallas Perry's is located there.  However, Perry's has alleged actual customer confusion that took place in the Southern District of Texas, and that is sufficient injury for the court to find that a substantial part of the events giving rise to Perry's claims occurred in the Southern District.  Accordingly, venue is proper here.  The court therefore examines Whatever's request for a transfer of venue under 28 U.S.C. § 1404, as § 1406 is not applicable to the instant action.

B.    *Transfer of Venue Pursuant to 28 U.S.C. § 1404*

Section 1404(a) allows for a change of venue "[f]or the convenience of parties and witnesses, in the interest of justice" provided that the action could have been brought in the new forum originally.  28 U.S.C. § 1404(a).  "Whether a transfer is indicated is "a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all the factors."  *Humble Oil & Refining Co. v. Bell Marine Svc.*, 321 F.2d 53, 57 (5th Cir. 1963).  There are two sets of factors to consider—no one of which is given dispositive weight—which involve a consideration of the

4

private and public concerns. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). "The private concerns include: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252 (1981)). "The public concerns include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws of he application of conflict of laws of the application of foreign law." *Id.* It is the movant's burden to demonstrate that "the considerations of convenience and justice weigh heavily in favor of a transfer." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

The threshold determination to be made is whether the claim could have originally been brought in the Northern District of Texas. Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b). Whatever resides in Dallas, located in the Northern District. Dkt. 9. Venue would therefore be proper in the Northern District of Texas. The court must therefore examine the private and public concerns involved in a transfer of venue.[1]

The only factors addressed by defendant are those private factors which involve evidence and witnesses. Whatever maintains that the burden of trial in the Southern District of Texas is significant because all of the relevant evidence (including "signage, menus, and other materials" allegedly infringing upon the Houston Perry's trademark) and witnesses (owners, managers, staff, and

---

[1] The court recognizes that the Fifth Circuit is currently considering en banc the weight to be given the plaintiff's choice of venue. Here, the plaintiff's choice does not change the outcome, so the court will not discuss it.

5

employees) are located in the Dallas area.  Dkt. 9.  Convenience to key witnesses is often the most important consideration in determining whether to transfer venue.  *Feliciano v. Texaco, Inc.*, 144 F. Supp. 2d 741, 742-43 (S.D. Tex. 2001).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses."  *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993).  However, the court is particularly concerned with the convenience of key nonparty witnesses and the costs associated with securing their attendance, rather than of party witnesses and party employees, whose testimony can be readily secured by the employer.  *State St. Capital Corp. V. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994).  Lastly, movants for transfer "must specifically identify key witnesses and outline the substance of their testimony."  *Dupre*, 810 F. Supp. at 825.

Here, Whatever has not specifically identified any key witnesses beyond generally identifying "[a]ll of [Dallas Perry's] owners, managers, staff, and employees."  Dkt. 9.  Whatever urges that, as all of these parties reside in the Dallas area, a transfer will substantially reduce the cost of litigation and the inconvenience of witnesses.  However, were the court to transfer venue to the Northern District, all of the Houston Perry's party witnesses would be similarly inconvenienced.  As it is the movant's burden to show the court that factors weigh heavily in favor of transfer, an equally balanced inconvenience benefits only the non-movant.  Furthermore, the only non-party witnesses of which the court is aware are located in the greater Houston area.  As the court is primarily concerned with the convenience of non-party witness, this factor weighs heavily in favor of venue remaining in the Southern District.

Neither party has addressed any public factors.  The court notes, however, that Whatever seeks transfer to a venue located within the same state.  This ameliorates problems of conflict of laws

or familiarity with the governing law of the forum.  Moreover, as this action is between restaurants located in Houston and Dallas, one forum's local interest cannot plausibly be said to outweigh the other's.  Therefore, no public factor weighs heavily for or against transfer.

Whatever bears the burden to demonstrate that the factors weigh heavily in favor of transfer. The court finds that Whatever has not met this burden.  While no factor weighs heavily in favor of keeping venue in the Southern District, neither does any factor weigh heavily in favor of transfer. Whatever's motion to transfer venue pursuant to 28 U.S.C. §1404 is therefore DENIED.

3.     **Failure to Join a Necessary Party**

Whatever argues that WPE is an indispensable party to this action and must be joined pursuant to Federal Rule of Civil Procedure 19.  Whatever further argues that this court does not have personal jurisdiction over WPE and must therefore dismiss the instant action.[2]

Perry asserts that it was unaware of WPE's interest and involvement in the Dallas Perry's and states that it will amend its complaint to add the additional defendant.  As Whatever has not yet served its answer and no Rule 16 scheduling order is in place, Perry is free to so amend.  FED. R. CIV. P. 15.  Whatever's motion is therefore DENIED with leave to reurge at a later date if necessary.

---

[2]In fact, the court does have personal jurisdiction over WPE, as addressed above.

7

### III. Conclusion

Pending before the court is defendant Whatever's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to join a required party. For the foregoing reasons, the motion is DENIED with leave to reurge the argument for failure to join a required party if necessary.

It is so ORDERED.

Signed at Houston, Texas on August 11, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY