UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER V. PERRY FAMILY, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION H-08-1387 |
| WHATEVER, L.L.C. d/b/a PERRY'S RESTAURANT, WPE RESTAURANT, L.P. d/b/a PERRY'S, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendants' motion to enforce the settlement agreement. Dkt. 48. Upon consideration of the motion, the response, the reply, and the applicable law the motion is GRANTED. Accordingly, the court's order of April 8, 2009 granting plaintiff's motion to reinstate the case is VACATED. Dkt. 36. And, this case is DISMISSED WITH PREJUDICE.

### BACKGROUND

Plaintiff has owned and operated Perry's and Perry's Steakhouse and Grille—upscale restaurants—in Houston and surrounding Texas markets since 1979 and 1993 respectively. Dkt. 14. Defendants began operating an upscale restaurant named Perry's Restaurant in Dallas in approximately 2001. *Id.* Plaintiff brought suit against defendants for trademark infringement, unfair competition, trademark dilution under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, trademark infringement, and unfair competition under Texas common law, trademark dilution under the Texas Anti-Dilution Act, TEX. BUS. & COM. CODE § 16.29, and deceptive trade practices in violation of § 17.46 of the Texas Business and Commerce Code. *Id.* In its suit, plaintiff sought an injunction and money damages. *Id.*

As the result of a settlement conference, the parties entered into a written settlement

agreement, and the court conditionally dismissed the case, retaining jurisdiction over the agreement itself. Dkts. 32, 34; *see also* Dkt. 35, Ex. A (copy of settlement agreement). However, three months later the plaintiff moved the court to reinstate the case, claiming that defendants had not complied with the agreement. Dkt. 35. Defendants did not reply. Therefore, on April 8, 2009, the court granted the motion and reopened the case. Dkt. 36. Two months later, defendants responded to the motion to reinstate. Dkt. 48. Claiming that they were in substantial compliance with the settlement agreement, they moved the court to vacate its order reopening the case and to enforce the settlement agreement. The plaintiff responded to the motion to enforce the settlement agreement. Dkt. 55. The motion is therefore ripe and before the court for consideration.

## ANALYSIS

The settlement agreement contains a choice of law provision for Texas law. Dkt. 35, Ex. A ¶ 6. Therefore. the construction and enforcement of the settlement agreement will be governed by Texas contract law. *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, No. H-05-CV-3227, 2006 WL 1984592, at *8 (S.D. Tex. Jul. 14, 2006) *vacated in part on other grounds* 518 F.3d 321 (5th Cir. 2008) (citing *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir.1988)). "Under Texas law, the interpretation of a settlement agreement is a legal question for the court, unless there is an ambiguity or unless surrounding facts demonstrate the existence of a factual issue as to agreement." *Eastern Energy*, 861 F.2d at 1380.

The parties do not dispute that they entered into a valid contract. Instead, the plaintiff argues that defendants breached a material term of the contract. Therefore, the plaintiff contends that under Texas law, it may treat the contract as repudiated and elect as its remedy to pursue the underlying cause. Specifically, plaintiff claims that the defendants breached the contract when they allegedly did not cease using the name Perry's on the 91st day after the settlement agreement was signed. The agreement reads in relevant part:

2

> [T]he parties execute this Memorandum with the intent that it reflects the essential terms of the settlement agreement between them.
>
> 1. [Plaintiff] and [defendants] agree to execute full general releases in favor of one another. The parties acknowledge the sufficiency of the consideration given as being the mutual releases along with other good and valuable consideration.
>
> 2. [Defendants] will have a period of ninety (90) calendar days from the latest date listed below to adopt and put to use, in commerce, a new name for its restaurant located at 2911 Routh Street, Dallas, Texas 75201.
>
> 3. After the expiration of the ninety (90) calendar days listed in paragraph 3 above, [defendants] will cease using "Perry's Restaurant" as a trademark and will not use "Perry's Grill and Steakhouse", "Perry's Steakhouse and Grille", or "Perry's Grill and Restuarant" and shall not thereafter use the sole name "Perry's" alone in connection with the promotion, advertising, or offering of any steakhouse and grille in Texas.

Dkt. 35, Ex. A. The agreement is dated December 5, 2008. *Id.*

Defendants respond that they did not breach the contract because the contract does not stipulate that time was of the essence for performance. Alternatively, they argue that even if they did breach by not having completed performance on the 91st day, they were in substantial compliance with the agreement and any breach was not material. Additionally, they state that they are now in full compliance with the terms of the agreement.

"A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." *Worldwide Asset Purchasing, L.L.C. v. Rent-A-Center East, Inc.*, 290 S.W.3d 554 561 (Tex. App–Dallas 2009, no pet. h.). "The elements of a claim for breach of contract are: (1) existence of a valid contract; (2) performance or tentative performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damage resulting to the plaintiff from the breach." *Id.*

Plaintiff contends that defendants breached the contract by not ceasing use of the name Perry's by the 91st day after the contract was signed. Defendants counter that the agreement does

3

not specify that time is of the essence, and therefore their tardiness in performance does not breach the contract. The court agrees. "Ordinarily, time is not of the essence" for contract performance. *Kennedy Ship & Repair, L.P. v. Pham*, 210 S.W.3d 11, 19 (Tex. App.–Houston [14th Dist.] 2006, no pet.). A stated time for performance does not, by itself, make time of the essence. *Id.* "Instead, the contract must expressly make time of the essence or there must be something in the nature or purpose of the contract and the circumstances surrounding it making it apparent that the parties intended that time be of the essence." *Id.* Plaintiff argues that since the preliminary injunction for which it was asking would have required defendants to cease using the name within 90 days, the 90 day period was clearly important. However, nothing in the agreement or the facts surrounding the agreement suggests that the 90 day period was essential to the contract. The cases where the courts have been willing to read a time is of the essence clause into a contract have involved contracts with other indications that time was important, like specific deadlines with specific notice and cure clauses. *See, e.g., Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex. App.–Dallas 2008, no pet.) (a contract with a specific cure period after which plaintiff would be in default exhibited an intent to make time of the essence despite that absence of the "magic words"); *Kennedy Ship*, 210 S.W.3d at 19–20 (time was of the essence in a contract for a shrimp boat when boat was intended for the opening and duration of shrimp season). Certainly the plaintiff wanted defendants to perform as quickly as possible so that the alleged market dilution and confusion would cease. However, had the parties agreed to 60 days or 120 days, it would have made little difference to the agreement

4

between the parties.[1] Therefore, as a matter of law, the court finds that the defendants did not breach the contract. Accordingly, the settlement agreement is still in force.

## CONCLUSION

Pending before the court is defendants' motion to enforce the settlement agreement. Dkt. 48. For the reasons outlined above, the motion is GRANTED. Accordingly, the court's order of April 8, 2009 granting plaintiff's motion to reinstate the case is VACATED. Dkt. 36. And, this case is DISMISSED WITH PREJUDICE

It is so ORDERED.

Signed at Houston, Texas on November 3, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY

---

[1] The court notes that at a certain point untimely performance would become an issue. However, whatever set of facts would support that finding is not present here.